1980-421

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PMG INTERNATIONAL, LTD. | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | Civil Action No. 5:20-CV-20-142 |
| | § | |
| THE TRAVELERS INDEMNITY | § | |
| COMPANY OF AMERICA | § | |
| | § | |
| **Defendant** | § | |

## DEFENDANT THE TRAVELERS INDEMNITY COMPANY OF AMERICA'S
## NOTICE OF REMOVAL

Defendant THE TRAVELERS INDEMNITY COMPANY OF AMERICA, ("Travelers" or "Defendant"), files its Notice of Removal of this action from the 288th Judicial District Court, Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, the Court for the District and Division encompassing the place where the lawsuit is currently pending. In support of this removal, Defendant relies upon the Appendix Filed in Support of Defendant's Notice of Removal filed contemporaneously herewith and shows the following:

### I.
### INTRODUCTION

1. On December 12, 2019, Plaintiff PMG INTERNATIONAL, LTD. filed its original petition in the 288th Judicial District Court, Bexar County, Texas captioned *PMG International, Ltd. v. The Travelers Indemnity Company of America*, Cause Number 2019CI25263 (the "State Court Action").

2. Citation for the State Court Action was served by agreement on Counsel for Defendant Travelers on January 15, 2020.

1980-421

## II.
## BASIS FOR REMOVAL

3.       This Court has original jurisdiction over this State Court Action, pursuant to 28

U.S.C. §1332(a), because it is a civil action between citizens of different states where the matter in

controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

4.       The Plaintiff seeks monetary relief of over $200,000 but less than $1,000,000.00. *See*

Exhibit A-1 at paragraph 1, page 4. Accordingly, the amount in controversy in this matter meets and

exceeds the federal jurisdictional minimum of $75,000, exclusive of interest and costs.

5.       Plaintiff was at the time of the filing of this action, has been at all times since, and

still is a Limited Partnership organized to do business in Texas. *See* Exhibit A-1. For diversity

purposes, the citizenship of a Limited Partnership is determined by the citizenship of all of its

members. See *Pramco, LLC ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.,* 435 F.3d

51 (1st Cir. 2006); *Handelsman v. Bedford Village Assocs. Ltd. P'ship,* 213 F.3d 48 (2nd Cir. 2000);

*Gen. Tech. Applications, Inc. v. Exro Ltda,* 388 F.3d 114 (4th Cir. 2004); *Homfeld II, L.L.C. v.

Comair Holdings, Inc.,* 53 Fed. Appx. 731 (6th Cir. 2002); *Wise v. Wachovia Securities, LLC*, 450

F.3d 265 (7th Cir. 2006); *GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc.,* 357 F.3d 827

(8th Cir. 2004); *Johnson v. Columbia Props. Anchorage, LP,* 437 F.3d 894 (9th Cir. 2006); *Rolling

Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020 (11th Cir. 2004). After

extensive research, it appears that Plaintiff's General Partner, Periodical Licensing, Inc., is a

Delaware Corporation.  *See Exhibits "B" and "C".*  The limited partner for Plaintiff is Socios

Holdings, Ltd., a Texas Limited Partnership.  *See Exhibit "D".*   The general partner of Socios

Holdings, Ltd. is Periodical Licensing, Ltd.  *See Exhibit "D".*

6.       Defendant Travelers Indemnity Company of America at the time of the filing of this

action, at the time of this removal, at all relevant times since and is currently, a citizen of the State of

1980-421

Connecticut because it is a Connecticut corporation with its principal place of business in the State of Connecticut.

7.      This action may be removed to this Court pursuant to 28 USC §1441(a), which allows for the removal of any civil action brought in the state court of which the District Courts of the United States have original jurisdiction, by the defendant or the defendants, to the District Court of the United States for the district and division embracing the place where such action is pending.

8.      This Notice of Removal is filed within thirty (30) days after service on Defendant of the State Court Action. This Notice of Removal is also being filed within one year of the filing of Plaintiffs' Original Petition by which the State Court Action was commenced. This Notice, therefore, if timely filed pursuant to 28 USC §1446 (b).

## III.
## PROCEDURAL REQUIREMENTS

9.      In accordance with 28 USC section 1446 (D), Defendant will promptly give written notice of this Notice of Removal to Plaintiff through counsel of record and file a copy of this Notice of Removal in the 288TH Judicial District Court, Bexar County, Texas.

10.     Defendant reserves the right to amend or supplement this Notice of Removal.

11.     The following are included in the Appendix filed contemporaneously with this Notice of Removal:

(a)     an index of all documents that clearly identifies each document and indicates the date the document was filed in the State Court Action;

(b)     a copy of the docket sheet in the State Court Action;

(c)     a copy of each document filed in the State Court Action, except discovery material, arranged in chronological order according to the state court filing date; and

(d)     a separately filed Supplement to JS 44 Civil Cover Sheet for Cases Removed from State District Court.

1980-421

For the above reasons, Defendant gives notice of the removal of the State Court Action to this Court and respectfully request that this action proceed before this Court as though it had originally been instituted in this Court.

Dated: January 21, 2020

Respectfully submitted,

**BROCK ♦ GUERRA**
**STRANDMO DIMALINE JONES, P.C.**
17339 Redland Road
San Antonio, Texas 78247-2304
(210) 979-0100 Telephone
(210) 979-7810 Facsimile

By: _____
ROBERT F. SCHEIHING
State Bar No. 17736350
bscheihing@brock.law

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been forwarded to the following counsel of record in compliance with the Federal Rules of Civil Procedure this 3rd day of February, 2020:

Daniel O. Kustoff
Melanie H. Sanders
Taylor L. Crull
KUSTOFF & PHIPPS, LLP
4103 Parkdale
San Antonio, Texas 78229
dkustoffservice@kplegal.com
msanders@kplegal.com
tcrull@kplegal.com

_____
ROBERT F. SCHEIHING